<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>RUDOLF H. HENDEL AND CATHERINE G. LIN-HENDEL,<br><br>        Debtors. | **On Appeal From:**<br>Bankr. Case No. 21-18847 (JKS) |
| RUDOLF HENDEL, *et al.*,<br><br>        Appellants,<br><br>v.<br><br>FAY SERVICING, LLC,<br><br>        Appellee. | Case No. 2:22-cv-04983 (BRM)<br><br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is *pro se* Appellants Rudolf Hendel and Catherine Hendel's ("Appellants") Notice of Intent to Seek Appellate Review (ECF No. 1) of Bankruptcy Judge John K. Sherwood's Order denying Appellants' Motion for Reconsideration of the Court's June 15, 2022 Order on Fair and Honest Payoff.[1] Appellants filed their appeal with this Court on August 9, 2022. (*Id.*) On September 2, 2022, Appellants filed their Designation of Record. (ECF No. 2.) Having reviewed the submissions filed in connection with this appeal and having declined to hold

---

[1] Appellants' Notice of Intent to Seek Appellate Review requested that the Court review four separate orders, which are addressed in companion opinions filed under Docket Numbers 2:22-cv-04982, 2:22-cv-04984, and 2:22-cv-04985.

1

oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause having been shown, Appellants' appeal is **DISMISSED**.

### I.   BACKGROUND

On November 15, 2021, Appellants[2] filed for relief under Chapter 11 of the Bankruptcy Code. (Bk. Dkt. No. 21-18847-JKS, ECF No. 1.) Appellants own a single-family residence, located at 26 Ridge Road, Summit, New Jersey 07901 (the "Property"), which is encumbered by a mortgage serviced by Fay Servicing, LLC ("Appellee" or "Fay Servicing") for Wilmington Trust National Association ("Wilmington Trust"), not in its individual capacity but as trustee for MFRA Trust 2014-2, and a mortgage serviced by Select Portfolio Services ("SPS") for MEB Loan Trust IV ("MEB"). (*Id.* at ECF No. 15.)

On December 3, 2021, Wilmington Trust filed a Motion for In Rem Relief ("In Rem Motion") from the Automatic Stay with respect to the Property. (*Id.* at ECF No. 28). On April 6, 2022, Appellants filed a motion seeking honest and fair payoff quotes from Wilmington Trust and SPS/MEB ("Payoff Motion"). (*Id.* at ECF No. 52.) The Bankruptcy Court held a hearing on both motions on May 3, 2022. The Bankruptcy Court granted Appellants' Payoff Motion, in part, on the record.[3] On June 15, 2022, Judge Sherwood entered an order, in relevant part, determining: (1) Wilmington Trust was owed between $1,559,989.01 and $1,626,979.65 less certain credits for adequate protection payments; (2) MEB was owed $537,512.21 less certain credits for adequate protection payments; and (3) Appellants were authorized to borrow $2,165,491.86 from Advisors

---

[2] Appellants proceeded *pro se* during the bankruptcy litigation and continue to procced *pro se* on appeal.

[3] This Court has not been provided with any transcripts.

Mortgage Group, LLC to refinance their obligations to Wilmington Trust and MEB by a reverse mortgage transaction. (*Id.* at ECF No. 77.)

On July 7, 2022, Appellants filed a Motion for Reconsideration of the Bankruptcy Court's June 15, 2022 Order ("Motion for Reconsideration"). (*Id.* at ECF No. 81.) On July 19, 2022, the Bankruptcy Court held a hearing on the Motion for Reconsideration and the In Rem Motion. The Court: (1) denied the Motion for Reconsideration; (2) granted the In Rem Motion; and (3) dismissed the bankruptcy case. (*See id.* at ECF Nos. 85, 87, 88.) Judge Sherwood entered the corresponding orders on the In Rem Motion on July 22, 2022 (*id.* at ECF No. 85), and on the Motion for Reconsideration and Dismissing the Bankruptcy Case on July 27, 2022 (*id.* at ECF Nos. 87, 88). On July 26, 2022, Appellants also filed a Motion to Disqualify Judge Sherwood and Judge Arleo from cases involving Appellants and to expunge all past orders and decisions made by the two judges (the "Disqualification Motion"). (*Id.* at ECF No. 89.) On August 2, 2022, Judge Sherwood entered an order on the Disqualification Motion, finding the Bankruptcy Court lacked jurisdiction to rule on the motion because the bankruptcy case was dismissed. (*Id.* at ECF No. 95.)

On August 8, 2022, Appellants filed a Notice of Intent to Seek Appellate Review of the four separate orders entered by Judge Sherwood, including: (1) the July 22, 2022 order granting in-rem relief on the real property located at 26 Ridge Road, Summit, New Jersey 07901, entered under Dkt. No. 2:22-cv-04982; (2) the July 27, 2022 order denying Appellants' Motion for Reconsideration of the Court's June 15, 2022 order on Fair and Honest Payoff, entered under Dkt. No. 2:22-cv-04983; (3) the July 27, 2022 order dismissing bankruptcy case, Bk. Dkt. 21-18847, entered under Dkt. No. 2:22-cv-04984; and (4) the August 2, 2022 order denying Appellants' Motion to Disqualify Judge Sherwood and Judge Arleo from cases involving Appellants, and to expunge all past orders and decisions rendered by both, entered under Dkt. No. 2:22-cv-04985.

3

(ECF No. 1.) On September 2, 2022, Appellants filed a single Designation of Record and Statement of Issues on Appeal relating to all four appeals. (ECF No. 2.) The Clerk's Office filed a copy on each docket.

On November 3, 2022, this Court advised Appellants of several deficiencies with their appeal and entered an Order to Show Cause on each docket, requiring that Appellants "show cause, by November 23, 2022, via a letter posted to the docket, why [each] appeal should not be dismissed [as untimely or] for failure to comply with the Bankruptcy Rules." (ECF No. 4.) Specifically, the Court explained that Appellants' designation on appeal was filed out of time and was not filed with a statement of facts specific to the appeal. (*Id.* (quoting Fed. R. Bankr. P. 8009(a)(1)). Appellants' Notice of Appeal was filed on August 8, 2022, and the Designation of Record was filed, without a statement of the issues, on September 2, 2022, nearly a month after the appeal was filed. (*Id.*) The Designation was also not compliant with the Bankruptcy Rules because Appellants failed to designate specific items to be included in the record and failed to identify issues specific to each appeal. (*Id.* (citing Fed. R. Bankr. P. 8009(a)(1)(B)). Lastly, Appellants' brief was due within thirty days of the designation, or before October 3, 2022, but again, was not timely filed. (*Id.* (citing Fed. R. Bankr. P. 8018(a)(1)). Appellants were instructed to submit a designation of record, a statement of issues specific to each appeal, and a brief consistent with the applicable rules, or they risk dismissal. (*Id.*) The Court received Appellants' response to the Order to Show Cause on November 23, 2022, (ECF No. 6), and a Supplemental Reply Letter on November 30, 2022 (ECF No. 8).[4] Appellants' responses were, again, identical for each appeal.

---

[4] The same submissions were entered in all four dockets.

## II.   JURISDICTION AND LEGAL STANDARD

District Courts have subject matter jurisdiction over Bankruptcy Court appeals pursuant to 28 U.S.C. § 158(a). Because subject matter jurisdiction "involves a court's power to hear a case, [it] can never be forfeited or waived," and the District Courts "have an independent obligation to determine whether subject matter jurisdiction exists, even in the absence of a challenge from any party." *In re Caterbone*, 640 F.3d 108, 111 (3d Cir. 2011) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)).

Where a District Court has jurisdiction over a bankruptcy appeal, "[t]he proper standard of review to be applied by a district court . . . is determined by the nature of the issues presented on appeal." *In re Beers*, No. 09-1666, 2009 WL 4282270, *3 (D.N.J. Nov. 30, 2009) (quoting *Baron & Budd, P.C. v. Unsecured Asbestos Claimants Comm.*, 321 B.R. 147, 157 (D.N.J. 2005)). A district court reviews "the bankruptcy court's legal determinations *de novo*, its factual findings for clear error and its exercise of discretion for abuse thereof." *In re United Healthcare Sys., Inc.*, 396 F.3d 247, 249 (3d Cir. 2005) (quoting *Interface Group-Nevada v. TWA (In re TWA)*, 145 F.3d 124, 130-31 (3d Cir. 1998)); *see In re Strong*, No. 17-1271, 2018 U.S. Dist. LEXIS 24022, at *7 (D. Del. Feb. 14, 2018) (*quoting Am. Flint Glass Workers Union v. Anchor Resolution Corp.*, 197 F.3d 76, 80 (3d Cir. 1999)) (noting that the district court reviews the bankruptcy court's "findings of fact for clear error and exercises plenary review over questions of law").

## III.   DECISION

In filing this appeal, Appellants failed to comply with the Federal Rules of Bankruptcy Procedure. Notably, Appellants were required to file and serve a designation of record and statement of the issues within fourteen days of filing the notice of appeal. Fed. R. Bankr. P. 8009(a)(1)(B). The record should have included:

- docket entries kept by the bankruptcy clerk;
- items designated by the parties;
- the notice of appeal;
- the judgment, order, or decree being appealed;
- any order granting leave to appeal;
- any certification required for a direct appeal to the court of appeals;
- *any opinion, findings of fact, and conclusions of law relating to the issues on appeal, including transcripts of all oral rulings;*
- *any transcript ordered under subdivision (b)*;
- any statement required by subdivision (c); and
- any additional items from the record that the court where the appeal is pending orders

Fed. R. Bankr. P. 8009(a)(4) (emphasis added). Most crucially, Appellants were required to "order in writing from the reporter . . . a transcript of such parts of the proceedings . . . as the [Appellants] consider[] necessary for the appeal, and file a copy of the order with the bankruptcy clerk," or take advantage of the alternatives provided under Rule 8009(b)–(d). Fed. R. Bankr. P. 8009. "While the Rule does not require that the 'record on appeal' include all transcripts of the proceedings below, its provisions make clear that those documents which include 'findings of fact' or 'conclusions of law' are deemed part of the record, including transcripts." *In re Newton*, Case No. 17-8377, 2019 WL 1254560, at *4 (D.N.J. Mar. 19, 2019) (quoting *In re Harris*, 464 F.3d 263, 269 (2d Cir. 2006)).

Appellants initially failed to timely file a designation of record with a statement of the issues specific to each appeal and a brief consistent with the applicable rules. (*See* ECF No. 4.) This Court instructed Appellants to submit the documents in conformance with the rules, or risk dismissal. (*Id.*) Instead, Appellants responded to the Order to Show Cause by submitting identical responses and reply letters on each docket, contrary to the Court's instruction. (*See* ECF Nos. 6, 8.) In their response, Appellants claim their "statement of issues specific and relevant to this appeal" was presented in their reply letter (ECF No. 6 at 3), which, again, was singly submitted in

support of all appeals. Further, Appellants simply designate "at least the entire case record of 21-18847-JKS" as the record of the case and fail to address the required documents under Rule 8009(a)(4). (ECF No. 8.) Most importantly, and contrary to the rules, Appellants argue the "demand for transcripts [is] egregious" and suggest this Court should be responsible for accessing the recordings. (ECF No. 6 at 4-5.) As a result, no hearing transcripts containing the oral decision supporting Judge Sherwood's Order has been made available to this Court.

Appellants' failure to submit a fully compliant designation of record, appeal-specific statement of the issues and corresponding, relevant transcript containing the Bankruptcy Court's findings, conclusions, and reasoning for denying Appellants' Motion for Reconsideration has prevented this Court from conducting an "informed, substantive appellate review," and therefore warrants dismissal of the appeal. *Heine v. Wells Fargo Bank*, Case No. 20-10343, 2020 WL 7417812, *4 (D.N.J. Dec. 18, 2020) (citing *In re Olick*, 466 B.R. 680, 695 (E.D. Pa. 2011), *aff'd*, 498 F. App'x 153 (3d Cir. 2012)); *see also Zullo*, 2020 WL 5425787, *1-2 (D.N.J. Sept. 10, 2020). Appellants must provide the Court with all required documents, including transcripts, that are "necessary to conduct substantive review." *In re Newtown*, 2019 WL 1256580 at *4. Dismissal is appropriate where the appeal fails to "disclose the factual or legal basis of the bankruptcy judge's decision" because the court is prevented from conducting a meaningful review of the issues. *In re Olick*, 466 B.R. at 695 (quoting *In re Corio*, No. 07-5864, 2008 WL 4372781, *6 (D.N.J. Sept. 22, 2008)); *see also Zullo*, 2020 WL 5425787 at *2.

Here, the Court finds Appellants have failed to provide a complete record for review, including a rule-compliant designation of record, appeal-specific statement of the issues, and

corresponding transcript containing the relevant rulings below, despite this Court's explicit order.[5] (*See* ECF No. 4) (explaining Appellants' failure to address the deficiencies of the appeal will result in dismissal). These submissions are necessary for the Court to conduct an informed, substantive review of Appellants' appeal. Accordingly, Appellants' appeal is dismissed, pending submission of a complete record.

### IV.   CONCLUSION

Accordingly, and for good cause appearing, Appellants' appeal of the Bankruptcy Court's Order denying reconsideration, docketed as 2:22-cv-04983, is **DISMISSED WITHOUT PREJUDICE**. The Clerk is directed to close this case, but Appellants may seek to reopen the case and reinstate the appeal upon the submission of a complete record. By April 28, 2023, if Appellants have not submitted a complete record in support of the appeal, Appellants' appeal shall be dismissed with prejudice**.** An appropriate order will follow.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
UNITED STATES DISTRICT JUDGE

Dated: March 24, 2023

---

[5] Appellants received notice of possible dismissal for failure to comply with the Federal Rules of Bankruptcy Procedure (*see* ECF No. 4), yet again, failed to file a designation of record and statement of facts specific to this appeal. Instead, Appellants submitted a singular objection to the several related proceedings, which was not limited to any specific appeal, or even exclusive to the bankruptcy matter. (*See* ECF No. 6.) Even with notice and an opportunity to respond, Appellants failed to meet the procedural requirements for a bankruptcy appeal. *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1147 (3d Cir. 1990) (explaining, for discovery violations, notice of the sanction of dismissal is required prior to dismissal); *In re Lawson*, 774 F. App'x 58, 60 (3d Cir. 2019) (requiring that, before the sanction of dismissal is imposed, prior notice and an opportunity to respond is required).